```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION


MESA AGRIPRODUCTS, INCORPORATED, §
                                 §
          Plaintiff,             §
                                 §
v.                               §
                                 §    CIVIL ACTION NO. H-07-1336
OLABI INTERNATIONAL S.A.,        §
BOGAC S.A., AMER OLABI,          §
KHALED OLABI, and LOUAI OLABI,   §
                                 §
          Defendants.            §
```

**MEMORANDUM OPINION AND ORDER**

Pending before the court are plaintiff Mesa Agriproducts Incorporated's Motion to Remand (Docket Entry No. 11) and Defendants' 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry No. 4). For the reasons stated below, plaintiff's motion to remand will be denied, and defendants' motion to dismiss will be granted.

**I. Background**

Plaintiff Mesa Agriproducts, Inc. ("Mesa") is a trading company engaged in buying and selling commodities in the international market. Its principal place of business is located in Houston, Texas.[1] Defendant Olabi International S.A. ("Olabi")

---

[1] Mesa Agriproducts Incorporated's Response to Defendants' 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, Docket Entry No. 10, p. 2.

is a Guatemalan company that sells cardamom.  Between 1999 and 2006 Mesa and Olabi entered into several contracts whereby Mesa would purchase large quantities of cardamom, a spice, from Olabi.[2]  In October of 2006 Mesa filed suit against Olabi in Texas state court alleging breach of three contracts and promissory estoppel.[3]  In March of 2007 plaintiff amended its complaint to add the owners of Olabi, Amer Olabi, Khaled Olabi, and Louai Olabi (collectively "the Olabis"), as defendants and alleged that the Olabis committed fraud and conspiracy in relation to the breach of contract claims.[4]  Defendants removed the case to federal court based on diversity jurisdiction in April of 2007.  Mesa moves the court to remand this action, arguing that notice of removal was untimely under 28 U.S.C. § 1446(b).  Defendants request dismissal for lack of personal jurisdiction.

## II.  Plaintiff's Motion to Remand

Mesa moves the court to remand this action to state court, arguing that removal was untimely.  Mesa asserts that Olabi was served with a summons and a copy of Mesa's original petition on December 5, 2006, but made no attempt to remove the action until

---

[2]Id.

[3]Mesa Agriproducts Incorporated's Motion to Remand, Docket Entry No. 11, p. 2.

[4]Plaintiff's First Amended Petition, pp. 4-10, attached to Defendants' Notice of Removal, Docket Entry No. 1.

April 23, 2007.[5]  Because Mesa's petition was immediately removable, 28 U.S.C. § 1446 governs the procedure for removal. Section 1446(b) provides that "the notice of removal . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading." The fact that additional defendants were added later did not restart the period for removal. Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262–63 (5th Cir. 1988). The issue therefore turns on the date of service on Olabi.

The removing party has the burden of establishing that removal was proper. Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995). Defendants assert that all defendants were unaware of this lawsuit before March 23, 2007, thereby making their April 23, 2007, removal timely under § 1446(b).[6] As proof of the date of service, Mesa provides the court with several documents written in Spanish, but offers no English translations.[7] The court declines to consider these documents without English translations. See United States v. Rivera-Rosario, 300 F.3d 1, 5 (1st Cir. 2002) ("It is clear to the point of perfect transparency, that federal

---

[5] Mesa Agriproducts Incorporated's Motion to Remand, Docket Entry No. 11, p. 2.

[6] Defendants' Response to Plaintiff's Motion to Remand, Docket Entry No. 19, p. 1.

[7] Mesa Agriproducts Incorporated's Motion to Remand, Docket Entry No. 11, Exhibit A.

-3-

court proceedings must be conducted in English."); <u>Lopez-Carrasquillo v. Rubianes</u>, 230 F.3d 409, 413-14 (1st Cir. 2000) (declining to consider a deposition in Spanish as part of the summary judgment record where no English translation was filed); <u>Heary Bros. Lightning Protection Co. v. Lightning Protection Inst.</u>, 287 F. Supp.2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking as inadmissible plaintiff's exhibits that were not in English and for which no English translation was provided); <u>Continental Illinois Corp. v. C.I.R.</u>, 1989 WL 99426, 57 T.C.M. (CCH) 1464 (1989) ("The untranslated financial statements . . . cannot properly be made a part of this record because neither respondent nor this Court reads the language in which those financial statements are written."). The only English documents provided by Mesa are (1) a September 2006 letter to Olabi threatening litigation unless Olabi fulfilled its contractual obligations or paid damages to Mesa, (2) Mesa's request for service in November 2006, (3) a declaration by Mesa's president stating that in December 2006 Amer Olabi stated a wish for the litigation to be "lifted," and (4) confirmation that Mesa's petition and service request were received by the Guatemalan authorities on November 16, 2006, via Federal Express.[8]

Defendants correctly point out that none of these documents establish that they were actually served before March 23, 2007.[9]

---

[8]Mesa Agriproducts Incorporated's Motion to Remand, Docket Entry No. 11, Exhibits A-C.

[9]Defendants' Response to Plaintiff's Motion to Remand, Docket Entry No. 19, pp. 3-5.

Amer Olabi submitted an affidavit stating that Olabi had no knowledge of this lawsuit prior to March 23, 2007, and that his December 2006 comment that the lawsuit be "lifted" was in reference to Mesa's September 2006 letter that threatened a lawsuit.[10] Defendants further note that Mesa's documentation that its petition and service request were received by the Guatemalan authorities via Federal Express on November 16, 2006, contains proof that service was not completed by December 5, 2006, as Mesa alleges.[11] Along with confirmation of receipt of the petition and service request, a December 4, 2006, e-mail from Process Forwarding International states that the "service request is done at the descretion [sic] of the foreign authorities so an exact time for service is impossible to calculate but based on prior experience this may take a year or longer to complete."[12]

The defendants have submitted evidence that they were not served until March 23, 2007, and there is no evidence contradicting this assertion. The court therefore concludes that defendants have met their burden of establishing that removal was proper under 28 U.S.C. § 1446(b).

---

[10] Id., Exhibit A, Affidavit of Amer Olabi, p. 2.

[11] Defendants' Response to Plaintiff's Motion to Remand, Docket Entry No. 19, p. 5.

[12] Mesa Agriproducts Incorporated's Motion to Remand, Docket Entry No. 11, Exhibit C.

**III.   Defendants' Motion to Dismiss**

**A.   Applicable Law**

The burden rests on the plaintiff to establish that the court has personal jurisdiction over a nonresident defendant who moves for dismissal. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994). Where, as here, the district court does not hold an evidentiary hearing on the issue, the plaintiff meets this burden by presenting a prima facie case that personal jurisdiction is proper. Central Freight Lines, Inc. v. APA Transport Corp., 322 F.3d 376, 380 (5th Cir. 2003). A district court may consider affidavits and other properly obtained evidence when making its determination but must accept the uncontroverted allegations in the complaint as true and resolve all factual conflicts in favor of the plaintiff. Wilson, 20 F.3d at 648. Because the Texas long-arm statute authorizes the exercise of personal jurisdiction to the full extent allowed by the Due Process Clause of the United States Constitution, the court must examine whether

> (1) defendants "purposefully availed [themselves] of the benefits and protections of the forum state by establishing minimum contacts with the forum state;" and
>
> (2) the exercise of jurisdiction would "offend traditional notions of fair play and substantial justice."

Central Freight, 322 F.3d at 380 (internal quotations omitted). See also International Shoe Co. v. Washington, 66 S. Ct. 154, 158 (1945). If the court finds that no minimum contacts exist it needs

not consider the second prong of the test.  <u>Moncrief Oil Int'l Inc. v. OAO Gazprom</u>, 481 F.3d 309, 314–15 (5th Cir. 2007).

Minimum contacts exist when the defendant's conduct with the forum state is such that it "should reasonably anticipate being haled into court there."  <u>Burger King Corp. v. Rudzewicz</u>, 105 S. Ct. 2174, 2183 (1985) (quoting <u>World-Wide Volkswagen Corp. v. Woodson</u>, 100 S. Ct. 559, 567 (1980)).  The minimum contact requirement can be divided into contacts that give rise to either specific or general jurisdiction.  <u>Central Freight</u>, 322 F.3d at 381.  Specific jurisdiction exists when the defendant has "purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities."  <u>Id.</u> (quoting <u>Burger King</u>, 105 S. Ct. at 2182).  General jurisdiction can be exercised "when a defendant's contacts with the forum state are substantial and continuous and systematic but unrelated to the instant cause of action."  <u>Id.</u>

**B.   Analysis**

Mesa argues that the defendants' contacts with Texas give rise to specific personal jurisdiction.[13]  Defendants argue that they

---

[13]Mesa Agriproducts Incorporated's Response to Defendants' 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, Docket Entry No. 10, p. 1 ("Mesa can show that Defendants purposely directed their activities toward Texas and purposely availed themselves of the privileges of conducting activities there, and the dispute in this case arises out of or is related to Defendants' contact with Texas.").  Alternatively, the court
(continued...)

lack the minimum contacts required for a finding of specific personal jurisdiction and have submitted affidavits and declarations that they have not engaged in business in Texas, do not have an office, employees, or agents in Texas, do not have a telephone listing, mailing address, bank account, or any tangible personal or real property in Texas, and do not direct any advertising specifically toward Texas residents.[14]

Mesa states that its relationship with Olabi began at a 1999 meeting in Houston with Amer Olabi. Mesa alleges that Amer Olabi requested this meeting to discuss selling cardamom to Mesa and that these discussions led to telephone and e-mail negotiations and several contracts between Mesa and Olabi for the sale of cardamom between 1999 and 2006.[15] To highlight Olabi's minimum contacts with Texas, Mesa points out that an independent surveyor was nominated by Mesa from its Houston office to inspect the shipment at the

---

[13](...continued) concludes that the plaintiff has failed to demonstrate a prima facie case of general personal jurisdiction because plaintiff has not alleged that defendant has any "substantial and continuous and systematic" contacts in Texas unrelated to this cause of action.

[14] Defendants' 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, Docket Entry No. 4, Exhibits A-E.

[15] Mesa Agriproducts Incorporated's Response to Defendants' 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, Docket Entry No. 10, p. 2; Exhibit A, p. 2 ¶ 5, p. 4 ¶ 11. Amer Olabi alleges that his trip to Texas was for tourism. Defendants' 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, Docket Entry No. 4, Exhibit A, p. 1 ¶ 3. However, the court must resolve all factual conflicts in favor of the plaintiff. Wilson, 20 F.3d at 648.

loading location and send a representative sample of cardamom to the Mesa office for approval.  Mesa also notes that all contracts were drafted by Mesa in Houston and sent to Guatemala for signature by Amer Olabi, who then mailed it back, and that the terms of the contracts required Olabi to follow Mesa's detailed shipping instructions and to send the original shipping documents to Mesa in order to get paid, thereby transferring title of the cardamom in Texas.[16]  In addition, Mesa alleges that defendants' minimum contacts are established by the fact that Mesa paid Olabi with U.S. dollars through Mesa's U.S. bank, and that from 1999 through 2006 Olabi regularly sent samples of cardamom to the Mesa office in order to generate sales to Mesa.[17]

Specific jurisdiction cannot be based solely on the fact that a non-resident defendant has entered into a contract with a resident of the forum state.  Freudensprung v. Offshore Tech. Servs., 379 F.3d 327, 344 (5th Cir. 2004) (quoting Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773, 778 (5th Cir. 1986)).  The court must examine several factors to determine whether the defendants' contacts with the forum state are too random, fortuitous, or attenuated to establish jurisdiction.  These factors include whether the non-resident defendant solicited the contract in the

---

[16]Mesa Agriproducts Incorporated's Response to Defendants' 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, Docket Entry No. 10, p. 2.

[17]Id. at 3.

forum state, the place of contracting, the place at which title to the goods passed, and the terms of the contract, including any forum-selection and choice of law clauses, the length of the contractual relationship, and where the contract is to be performed. Command-Aire Corp. v. Ontario Mech. Sales & Serv. Inc., 963 F.2d 90, 94 (5th Cir. 1992); Central Freight, 322 F.3d at 382. See also Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1069 (5th Cir. 1992) ("the place of contracting and the law governing the contract, while not necessarily determinative, are relevant factors"); PPO Check, Ltd. v. Midwestern Regional Medical Center, 2007 U.S. Dist. LEXIS 49791 (S.D. Tex. July 10, 2007) (listing factors).

1. Breach of Contract Claim

The court is not persuaded that Mesa's breach of contract claim creates minimum contacts sufficient to exercise specific jurisdiction over Olabi in this case. Mesa cites Central Freight, 322 F.3d at 382, to argue that minimum contacts exist where a nonresident solicits the negotiation of a contractual relationship with a company in the forum state.[18] In Central Freight the non-resident defendant trucking company sent two representatives to meet with the Texas plaintiff trucking company regarding a contract under which each carrier could use the services of the other in the

---

[18]Mesa Agriproducts Incorporated's Response to Defendants' 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, Docket Entry No. 10, p. 5.

other company's primary region of operation. 322 F.3d at 378, 382. Negotiations continued via telephone and written correspondence. Id. at 382. In its analysis the Fifth Circuit noted that the defendant had "deliberately 'reached out' to a Texas corporation by telephone and mail with the deliberate aim of entering into a long-standing contractual relationship with a Texas corporation." Id. However, this is just one factor for the court to consider, and as the Fifth Circuit pointed out in Moncrief Oil Int'l Inc. v. OAO Gazprom, 481 F.3d 309, 313 (5th Cir. 2007), Central Freight is distinguishable from this case in that the contract in Central Freight contemplated a "hub of activity" inside Texas in which the non-resident defendant was actively engaged. In Central Freight, "the plaintiff's Texas location was strategically advantageous to the defendant and was the basis for the agreement, suggesting that the defendant had purposefully availed itself of doing business in Texas." Moncrief, 481 F.3d at 313 (internal citation omitted). By contrast, Mesa contracted to provide Olabi with shipping instructions and to pay Olabi for the cardamom, without any discussion of where it would do its work. "Given the nature of the work, there is no indication that the location of the performance mattered, and it is not clear how performance of that work would 'cause business activity.'" Id.

The terms of the contracts at issue do not weigh in favor of exercising personal jurisdiction over Olabi. The contracts do not

-11-

specify that Texas law will control or that Texas courts will have jurisdiction.[19]  Also, although Olabi and Mesa engaged in several sales of cardamom between 1999 and 2006, each contract only provided for a single sale and each contract stated that the shipment would be made two months or less from the contract date.[20] Therefore, their relationship from 1999 through 2006, though long-standing, was not contractual.  Cf. PPO Check, 2007 U.S. Dist. LEXIS 49791 at *31 (finding that a contract without a definite term that either party could terminate with or without cause weighed against exercising specific jurisdiction).

The place of performance is a "weighty consideration," see Command-Aire Corp., 963 F.2d at 94, but "a plaintiff's unilateral activities in Texas do not constitute minimum contacts where the defendant did not perform any of its obligations in Texas, the contract did not require performance in Texas, and the contract is centered outside of Texas."  Moncrief Oil Int'l Inc. v. OAO Gazprom, 481 F.3d 309, 312 (5th Cir. 2007).  The record reflects that Olabi's performance under the sales contracts was conducted entirely outside of Texas.[21]  Therefore, Mesa's activities in Texas

---

[19] Mesa Agriproducts Incorporated's Response to Defendants' 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, Docket Entry No. 10, Exhibits A1-A11.

[20] Id.

[21] Even the samples sent to the Mesa office were sent by an independent surveyor, nominated by Mesa.  Mesa Agriproducts
(continued...)

do not establish personal jurisdiction over Olabi.  In Freudensprung, 379 F.3d at 345, the Fifth Circuit held that "the fact that [non-resident defendant] WWAI contracted with Texas-based OTSI, initiated and contemplated a long-term business relationship with OTSI, communicated with OTSI concerning the development and execution of the contract, and wired money to OTSI in Texas" did not create sufficient minimum contacts to warrant the exercise of specific jurisdiction where the contract at issue specified that it was to be governed by English law and that "the material portions of the contract" were to be performed outside of Texas.  The parties' contractual performance therefore does not support a minimum-contacts finding.

Mesa argues that specific personal jurisdiction is proper because Olabi was required to send the original shipping documents to Mesa in order to be paid, thereby transferring title of the cardamom in Texas.[22]  While this factor weighs in favor of a finding of specific personal jurisdiction, the court concludes that it is insufficient to offset the weight of the other factors.  The court therefore concludes that Mesa has failed to show that Olabi has

---

[21](...continued)
Incorporated's Response to Defendants' 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, Docket Entry No. 10, p. 2; Exhibit A, p. 6 ¶ 16.

[22]Mesa Agriproducts Incorporated's Response to Defendants' 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, Docket Entry No. 10, p. 2.

sufficient minimum contacts with Texas to exercise specific personal jurisdiction.

2.  <u>Tort Claims</u>

Mesa alleges that "Texas has personal jurisdiction over these defendants because each of them deliberately reached out to Mesa in Texas to enter in [sic] the Purchase Contracts and, as to Amer Olabi, Louai Olabi and Khamed [sic] Olabi, to commit fraud in respect to the contracts at issue in this case, engage in a civil conspiracy and fraudulently transfer assets to Defendant Bogac S.A."[23]  The court concludes that the Olabis and Bogac, S.A. ("Bogac") lack sufficient minimum contacts to establish specific personal jurisdiction.

"The mere allegation that an out-of-state defendant has tortiously interfered with contractual rights or has committed other business torts that have allegedly injured a forum resident does not necessarily establish that the defendant possesses the constitutionally required minimum contacts."  <u>Panda Brandywine Corp. v. Potomac Electric Power Co.</u>, 253 F.3d 865, 868 (5th Cir. 2001) (quoting <u>Far West Capital, Inc. v. Towne</u>, 46 F.3d 1071, 1079 (10th Cir. 1995)).  Plaintiff still must show defendants' purposeful availment of the benefits and protections of and minimum

---

[23]<u>Id.</u> at 7.  In its first amended petition plaintiff alleges that the defendants engaged in fraud, fraudulent conveyance, tortious interference, and civil conspiracy.  Plaintiff's First Amended Petition, pp. 4-10

contacts with the forum state in order to establish a prima facie case of specific personal jurisdiction. Panda Brandywine, 253 F.3d at 868. The court is not required to credit conclusory allegations, even if uncontroverted. Id. at 869.

Bogac is a Guatemalan company. Defendants claim that Bogac has never conducted any business in Texas, including any of the transactions involved in this lawsuit.[24] Khaled Olabi is a Syrian national residing in Syria. Defendants allege that Khaled Olabi has no contacts with the state of Texas and has never visited or conducted business in Texas. Defendants also claim that Khaled Olabi does not work for Olabi or Bogac.[25] Plaintiff's only response is an allegation that Khaled Olabi engaged in fraudulent behavior and conspired with Amer Olabi and Louai Olabi to make a fraudulent transfer of assets to Bogac.[26] The court therefore concludes that plaintiff's allegations of minimum contacts are merely conclusory with regard to Bogac and Khaled Olabi. Cf. Panda Brandywine, 253 F.3d at 869 (holding "merely conclusory" appellants' allegation that "on information and belief" appellee knew appellants were

---

[24] Defendants' 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, Docket Entry No. 4, p. 5.

[25] Id. at 4.

[26] Mesa Agriproducts Incorporated's Response to Defendants' 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, Docket Entry No. 10, p. 7.

Texas residents and knew its actions would intentionally cause harm to appellants in Texas).[27]

Louai Olabi is a Syrian national residing in Syria. Defendants allege that Louai Olabi has no contacts with the state of Texas and has never visited or conducted business in Texas. Defendants also claim that Louai Olabi does not work for Olabi or Bogac.[28] Amer Olabi is a Syrian national residing in Guatemala. He is the vice-president, general manager, and legal representative of Olabi.[29] Plaintiff alleges that Amer Olabi and Louai Olabi engaged in fraudulent behavior and conspired with Khaled Olabi to make a fraudulent transfer of assets to Bogac.[30]

In his affidavit Louis Clark, president of Mesa, states that Amer Olabi traveled to Houston in 1999 for the first set of negotiations between Olabi and Mesa and that in addition to regular phone calls from Amer Olabi, in 2001 Louai Olabi and Amer Olabi

---

[27]Alternatively, the court finds that even if plaintiff's allegations are not conclusory, they are nonetheless insufficient to establish a prima facie case for personal jurisdiction. Plaintiff points to no "act by which defendant[s] purposefully avail[ed] [themselves] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" or purposefully directing their efforts toward Texas residents. Panda Brandywine, 253 F.3d at 869.

[28]Defendants' 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, Docket Entry No. 4, p. 5.

[29]Id. at 4; Exhibit A, Affidavit of Amer Olabi, p. 1.

[30]Mesa Agriproducts Incorporated's Response to Defendants' 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, Docket Entry No. 10, p. 7.

e-mailed the Mesa office to foster Olabi's relationship with Mesa and continue to sell cardamom to Mesa.[31]  Mr. Clark also states that in December of 2006 he met with Amer Olabi in Guatemala and that Amer Olabi promised that he would ship the cardamom that is the subject of the contracts at issue in January-February of 2007.[32]

With the exception of the December 2006 meeting with Amer Olabi in Guatemala, plaintiff does not point to any contact by Amer Olabi or Louai Olabi in relation to the torts alleged.  The 1999 visit and 2001 e-mail have nothing to do with the fraud and conspiracy claims Mesa alleges took place in relation to the three contracts breached by Olabi in 2006.  The December 2006 meeting in Guatemala also does not constitute minimum contacts sufficient to exercise specific personal jurisdiction.  Plaintiff does not allege that Amer Olabi requested this meeting or that he in any way "purposefully avail[ed] [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" or purposefully directing his efforts toward Texas residents.  <u>Panda Brandywine</u>, 253 F.3d at 869.  Assuming Amer Olabi did make such a promise, it was not to be performed in Texas and was unrelated to Texas other than the fortuity that plaintiff resides in Texas.  Moreover, the court has already determined that the contracts at issue are insufficient to

---

[31] <u>Id.</u>, Exhibit A, Affidavit of Lewis Clark, pp. 2, 4-5.

[32] <u>Id.</u> at 8.

establish personal jurisdiction over Olabi. Therefore, any minimum contacts based on the contracts cannot justify exercising personal jurisdiction. The court concludes that plaintiff has failed to establish a prima facie case of specific personal jurisdiction over Bogac and the Olabis.

## IV.  Conclusion and Order

For the reasons stated above, the court concludes that remand is not warranted and that the court lacks personal jurisdiction over defendants. Accordingly, Mesa Agriproducts Incorporated's Motion to Remand (Docket Entry No. 11) is **DENIED**, and Defendants' 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry No. 4) is **GRANTED.**

**SIGNED** at Houston, Texas, this 21st day of September, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE